**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| v. | ) | I.D.:  2007000677 |
| | ) | |
| **JOSE O. PEREZ,** | ) | |
| | ) | |
| Defendant. | ) | |

*SUBMITTED: August 6, 2024*
*DECIDED: August 26, 2024*

**ORDER**

*Upon Consideration of Defendant's*
*Motion to Correct and/or Modify Sentence*

**DENIED**

This 26th day of August, upon consideration of the Motion to Correct and/or Modify Sentence by Defendant Jose O. Perez ("Perez" or "Defendant"), it appears to the Court that:

1. On April 27th, 2022, Perez was sentenced by this Court to: Racketeering – 15 years at Level V, suspended after 5 years at Level V, for 12 months Level III, concurrent to any probation now serving; Controlled substance – 10 years at Level V, suspended after 2 years at Level V, for 12 months at Level III, concurrent to any probation now serving; Controlled substance - 10 years at Level V, suspended after 2 years at Level V, for 12 months at Level III,

concurrent to any probation now serving; Conspiracy second-degree – 2 years at Level V, suspended for 12 months at Level III, concurrent to any probation now serving.[1]

2. On August 6, 2024, Perez filed this Motion to Correct and/or Modify Sentence as it relates to the April 27th, 2022 sentencing.[2] Perez suggests that the sentence be corrected and/or modified, in the interest of justice and society, to facilitate a more structured and quasi-incarceration form of Defendant's re-entry into society.[3] Specifically, Defendant asks that the Court: (1) minimize the Defendant's risk to recidivism, and (2) allow Defendant to gain employment through work release and gradually integrate back into society.[4] According to Defendant, this should be done by imposing a Level IV portion to his sentence. Defendant seeks to modify his sentence by substituting 1 year of his Level V time for 9 months at Level IV.

3. Under Superior Court Criminal Rule 35(a), the court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.[5] There is

---

[1] Docket Item ("D.I".) 29.
[2] D.I. 30.
[3] *Id*.
[4] *Id*.
[5] Del. R. Super. Ct. 35(a).

nothing illegal about Defendant's sentence and he does not allege any such position. Therefore, Defendant is not entitled to relief under Rule 35(a).

4. Under Rule 35(b), a motion for reduction or modification of sentence must be filed within 90 days of sentencing absent a showing of extraordinary circumstances.[6] A heavy burden is placed on a defendant to establish extraordinary circumstances in order to uphold the finality of sentences.[7] Defendant has failed to satisfy, as required under Rule 35(b), the heavy burden placed on him to establish extraordinary circumstances in order to uphold the finality of sentences.[8] This Court is satisfied that the Court's sentence was legal, and no extraordinary circumstances exist that would result in the correction and/or modification of Defendant's sentence.

Wherefore, Defendant Jose Perez's Motion to Correct and/or Modify Sentence is **DENIED**.

**IT IS SO ORDERED**

*/s/ Francis J. Jones, Jr.,*
Francis J. Jones, Jr., Judge

*Original to Prothonotary*

cc: Daniel B. McBride, Deputy Attorney General
Jose O. Perez, S.B.I. # 00632637

---

[6] *Fidalgo v. State*, 2024 WL 1252118 (Del. 2024).
[7] *Id.*
[8] Defendant will likely be flowed to Level IV during the first six months at Level V, per DOC discretion.